# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SGT. RONALD VOGEL, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-00525-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND DEFENDANT ZAMORA'S CROSS-MOTION BE DENIED<br><br>(Docs. 69 and 76)<br><br>THIRTY DAY OBJECTION DEADLINE |

## I.     Background

Plaintiff, Durrell A. Puckett, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2013.  This action for damages is proceeding on Plaintiff's amended complaint against Defendants Sanchez, Vogel, and Johnson for retaliation in violation of the First Amendment; against Defendants Sanchez, Vogel, Johnson, Dean, Bolander, Abadia, Lockhart, Zamora, Sisneros, Campos, and Callow for excessive force in violation of the Eighth Amendment; and against Defendants Sanchez, Vogel, and Johnson for violation of the Equal Protection Clause of the Fourteenth Amendment.

On July 23, 2015, Plaintiff filed a motion for summary judgment.  Fed. R. Civ. P. 56(c).  (Doc. 69.)  Defendants Sanchez, Vogel, Johnson, Dean, Bolander, Abadia, Lockhart, Sisneros, Campos, and Callow filed an opposition on September 14, 2015, and Plaintiff filed his reply on

September 21, 2015.  (Docs. 77, 79.)  Defendant Zamora filed a cross-motion[1] for summary judgment on September 11, 2015, Plaintiff filed an opposition on September 21, 2015, and Defendant filed his reply on October 12, 2015.  (Docs. 76, 78, 80.)  Plaintiff's motion for summary judgment and Defendant Zamora's cross-motions for summary judgment have been submitted on the record without oral argument pursuant to Local Rule 230(*l*).  For the reasons that follow, the motions are denied.

## II.   Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1422, 1436 (9th Cir. 1987).  The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner.  *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim.  Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

/ / /

---

[1] Concurrently with his motion for summary judgment, Defendant Zamora served Plaintiff with the requisite notice of the requirements for opposing the motion.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).

In resolving cross-motions for summary judgment, the Court must consider each party's evidence. *Tulalip Tribes of Washington v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015); *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011). Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, *Soremekun*, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

Further "[a] verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 n. 1 (9th Cir. 1996) (quoting *McElyea v. Babbitt*, 833 F.2d 196, 197-98 n. 1 (9th Cir. 1987) (per curiam)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004); *Lopez v. Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc); *Schroeder v. MacDonald*, 55 F.3d 454, 460 (9th Cir.

1995); *Lew*, 754 F.2d at 1423.  If Plaintiff states that the facts in the complaint are true under penalty of perjury, the pleading is "verified." *Schroeder*, 55 F.3d at 460 n. 10.  Additionally, Plaintiff is entitled to liberal construction of his filings because he is a prisoner proceeding *pro se*. *Thomas*, 611 F.3d at 1150 (citations omitted).

## III.     Eighth Amendment Standards

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  When a prison security measure is undertaken in response to an incident, the question of whether the measures taken inflicted unnecessary and wanton pain and suffering depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 6.

The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Hudson*, 503 U.S. 1.  Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley* at 321-322 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970)).

Moreover, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).  Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment.  *Id.*; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not de minimis injuries)).  "Injury and force [] are only imperfectly correlated, and it is the latter that ultimately counts.  An inmate who is gratuitously beaten by guards does not lose his ability to

4

pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38, 130 S.Ct. 1175, 1178-79 (2010).

However, "[u]nreasonable force claims are generally questions of fact for a jury" and "qualified immunity is not properly granted" on such claims. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995).

**IV.   Discussion**

    **A.   Plaintiff's Motion for Summary Judgment**[2]

Plaintiff alleges that on October 19, 2011, Defendant Sanchez called him a "crab as[s] nigger," and she told him she was going to write a false rules violation report against him after he said he was going to write a 602 (inmate appeal) against her. (Doc. 69, Plaintiff's Undisp. Fact ("PUF"), 1, 2.) As Defendant Sanchez was leaving, she told Defendant Vogel to "fuck Puckett up." (PUF No. 3.) At tray pick-up, Defendant Vogel put a yellow placard on Plaintiff's window that said, "Ah, fuck niggers," as he opened Plaintiff's tray slot, and sprayed pepper spray on him, knowing Plaintiff was allergic to it. (PUF No. 3.)   The control tower sounded the alarm and Defendant Vogel lied, stating that Plaintiff was trying to kill himself with a five inch metal weapon. (PUF No. 4.) Defendant Vogel then refused to let Plaintiff come out of his cell for fifteen to twenty-five minutes. (*Id.*)

Defendant Callow arrived and Plaintiff told Callow his version of events as he underwent an unclothed body search. (PUF Nos. 4, 5.) Plaintiff was removed from his cell so it could be searched, and he was taken to the rotunda so that Defendants Dean and Bolander could take photographs of him. (PUF Nos. 4-6.) No weapon was recovered. (PUF No. 6.) Plaintiff was secured in leg irons, handcuffs, and triangle restraints, and after he was taken out of the holding cell, Defendants Dean and Bolander started punching him, and Defendants Vogel, Johnson, and Sanchez joined in. (PUF No. 7.) Defendant Johnson kicked and punched Plaintiff, and Defendant Vogel slapped and kicked Plaintiff while repeatedly yelling "nigger." (PUF No. 9.)   Plaintiff was

---

[2] Plaintiff submitted a separate statement of facts (Doc. 69, p. 5) which is supported by Plaintiff's declaration (*id.*, at pp. 23-24).  Facts that do not indicate a "PUF No." are supported by statements in Plaintiff's declaration.  Further Plaintiff's First Amended Complaints is verified and functions as a declaration to the extent the allegations are based on his personal knowledge of facts admissible in evidence. *Jones*, 393 F.3d at 922-23.

5

sprayed with pepper spray on his upper body and head at some point, Defendant Sanchez spit in Plaintiff's face, and Defendant Vogel sprayed him with pepper spray in the face at pointblank range. (PUF Nos. 8-10.) Plaintiff was then left without a shower for approximately fifty minutes. As Plaintiff left to get x-rays, Defendants Vogel and Johnson punched and slapped him. Defendants Abadia, G. Lockhart, Campos, Sisneros, Callow, and Zamora observed the abuse, and some of them encouraged it to go on while Campos and Zamora observed and condoned it. (PUF Nos. 11.)

### 1.     **Defendants' Opposition**

In their opposition, Defendants assert that on October 19, 2011, Plaintiff exposed himself to Defendants Sanchez and Nurse Abadia as the two women were conducting the afternoon medication pass. (Doc. 77, Def. Stmt. Of Undisp. Fact ("DSUF") No. 3.) As a result, Plaintiff was issued a rules violation that charged him with "Indecent Exposure w/Masturbation," in violation of state law. (DSUF No. 4.) Plaintiff was later found guilty at a disciplinary hearing and assessed 90-day's credit forfeiture as a result. (DSUF No. 5.)

About 30-40 minutes after Plaintiff exposed himself to Sanchez and Abadia, he was placed in a holding cell in his housing unit. (DSUF No. 6.) When Defendants Bohlander and Dean tried to talk with him near the holding cell, Plaintiff spit on them. (DSUF No. 7.) The two Defendants tried to retreat from the area, but their path was blocked by a laundry cart. (DSUF No. 8.) Because the two men could not retreat, they applied a short burst of pepper spray to Plaintiff's face and torso to stop him from spitting. (DSUF No. 9.)

As with the earlier incident, Plaintiff was issued a rules violation for his behavior with Defendants Bohlander and Dean. (DSUF No. 10.) Plaintiff was charged with "Battery on a Peace Officer Resulting in the Use of Force." (DSUF No. 11.) Plaintiff was later found guilty at a disciplinary hearing and assessed 150-days' credit forfeiture. (DSUF No. 12.)

After the incident, Plaintiff was examined by medical staff both in the housing unit and in the prison's acute care hospital. (DSUF No. 13.) Medical staff did not observe any cuts, scratches, bruises, or other marks when they examined Plaintiff. (DSUF No. 14.)

/ / /

### B.     Defendant Zamora's Cross-Motion for Summary Judgment

Defendant Zamora presents evidence that, on October 19, 2011, Plaintiff was housed in the Security Housing Unit at Corcoran. (Doc. 76-1, Def. Zamoura's Sep. Stmt. of Undisp. Fact ("SSUF") No. 1.) That day, Defendant Zamora was assigned to the Security Housing Unit on Facility A4 as a floor officer on third watch (2:00 pm to 10:00 pm). Generally, his responsibilities were to maintain the safety and security of staff and inmates in the facility. He also helped to distribute breakfast trays and sack lunches, coordinate inmate showers and the exercise yard program, and conduct counts and safety checks. (*Id.*)

At approximately 5:25 p.m. that evening, Zamora was in the Officers' Office when he heard the building alarm activate in the facility's C section. Zamora responded to the C section and was instructed by Sergeant R. Vogel to shut off the water to cell 42, which was occupied by Plaintiff. (SSUF No. 2.) After speaking to Sergeant Vogel, Zamora immediately went to the control booth to retrieve the key to the plumbing chase. He then proceeded to the plumbing chase to shut off the water. (SSUF No. 3.) The plumbing chase is located next to cell 42. Plaintiff was secured in his cell when Zamora opened the chase and shut off the water, which took approximately 30 seconds. (SSUF No. 4.) Zamora returned to the Officers' Office, approximately 80 feet from Plaintiff's cell. (SSUF No. 5.) Zamora did not witness any use of force. (SSUF Nos. 6, 7.)

### 1.     Plaintiff's Opposition

In opposition to Defendant Zamora's motion, Plaintiff submits a one-page declaration stating that he observed Defendant Zamora standing with others about ten feet away from him as he exited the cage and less than three seconds later, he was punched, sprayed, knocked down, drug, as officers kicked and spit on him while uttering racial slurs. (Doc. 78.) Plaintiff further declares that all of the Defendants in this action were present and either observed or participated in the force he alleges. (*Id.*) Plaintiff declares that he was sprayed in the cell and in the rotunda about ten feet away from Defendant Zamora and others who were near the office in the rotunda area. (*Id.*) Plaintiff declares that even if Defendant Zamora was in the Officers' Office, he saw Plaintiff get assaulted and sprayed the second and third times. (*Id.*)

**C.     Findings**

  **1.     Plaintiff's Motion**

Turning first to Plaintiff's motion for summary judgment, Plaintiff bears the burden of demonstrating that no reasonable trier of fact could find other than for him. *Soremekun*, 509 F.3d at 984. While Plaintiff presents his perception of the events which occurred on October 19th, he does not present any evidence to negate Defendants' version of events. While Plaintiff's motion is supported by his declaration and some exhibits, neither precludes a finding which accepts Defendants' version and finds in their favor.

Since Plaintiff has not met his burden to be awarded summary judgment on his claims against Defendants, his motion for summary judgment must be denied.

  **2.     Defendant Zamora's Motion**

Defendant Zamora need only prove an absence of evidence to support Plaintiff's case to be granted summary judgment. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387. Defendant Zamora presents evidence that his only involvement during the incident Plaintiff complains of was when he shut off the water to Plaintiff's cell which only took about 30 seconds and that he was not present when the incidents Plaintiff complains of occurred.

The Court finds that, Defendant Zamora has met his initial burden of informing the Court of the basis for his motion and identifying admissible evidence to demonstrate the absence of a genuine issue of material fact as to Plaintiff's claim that he observed the occurrences and failed to intervene. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

 In opposition, Plaintiff's declaration suffices to create a triable issue of fact -- whether all of the Defendants, including Defendant Zamora, were present and either observed or participated in the force he alleges; whether he was sprayed in the cell and in the rotunda about ten feet away from Defendant Zamora and others who were near the office in the rotunda area; and whether Defendant Zamora, even if in the Officers' Office, saw Plaintiff get assaulted and sprayed the second and third times. Plaintiff's statements that, at the very least, Defendant Zamora watched

while other Defendants subjected him to excessive force suffices to create a triable issue of fact as the failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

Thus, Defendant Zamora's motion for summary judgment must be denied.

## V.     Conclusion and Recommendation

As discussed above, the Court finds that Plaintiff has not met his burden on summary judgment as he has failed to affirmatively demonstrate that no reasonable trier of fact could find other than for him. While Defendant Zamora met his burden on summary judgment, Plaintiff's declaration creates a triable issue of fact as to Defendant Zamora's proximity to the events and ability to intervene. Further, "[u]nreasonable force claims are generally questions of fact for a jury," *Hervey*, 65 F.3d at 791, such that both Plaintiff's and Defendant Zamora's motions for summary judgment should both be denied.

Accordingly, for the reasons set forth herein, the Court RECOMMENDS that:

1.     Plaintiff's motion for summary judgment, filed on July 23, 2015, be DENIED;

2.     Defendant Zamora's motion for summary judgment, filed on September 11, 2015, be DENIED; and

3.     this action be set for trial.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/ / /

/ / /

/ / /

/ /

failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **January 25, 2016**                                   **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE