# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. RONALD VOGEL, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-00525-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER BE DENIED**<br><br>**(Docs. 81, 107, 114)**<br><br>**FOURTEEN DAY DEADLINE** |

## **INTRODUCTION**

Plaintiff Durrell A. Puckett, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2013. This action for damages is proceeding on Plaintiff's amended complaint based on events that occurred at California State Prison, Corcoran ("CSP-Cor") against Defendants Sanchez, Vogel, and Johnson for retaliation in violation of the First Amendment; against Defendants Sanchez, Vogel, Johnson, Dean, Bolander, Abadia, Lockhart, Zamora, Sisneros, Campos, and Callow for excessive force in violation of the Eighth Amendment; and against Defendants Sanchez, Vogel, and Johnson for violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff filed a motion for a temporary restraining order ("TRO") on December 28, 2015, (Doc. 81); a motion for temporary injunction on April 21, 2016, (Doc. 107); and a supplement to his motion for TRO on May 16, 2016, (Doc. 114.) Defendants filed their opposition to all three filings to which Plaintiff replied. (Docs. 122, 123, 124.) The motions are deemed submitted. L.R. 230(l).

# DISCUSSION

**A. Plaintiff's Motions Should be Denied for Lack of Jurisdiction**

    **1.    Motion for TRO**

In Plaintiff's motion requesting a TRO, he asserts that Defendant Lockhart and other prison staff (who are not defendants in this action) are assaulting, battering, and harassing him because of this lawsuit. (Doc. 81.) Defendant Lockhart is also allegedly directing other prison staff to "play" with Plaintiff's mail and food and to call Plaintiff a rapist, pervert, and to use racial slurs toward Plaintiff. (*Id.*) Plaintiff states that, not only is he in fear of physical harm, he is hearing voices and is emotionally disturbed by these circumstances. (*Id.*) Plaintiff generally requests a temporary restraining order against Defendant Lockhart. (*Id.*) Plaintiff does not state what relief he seeks in this motion.

In his supplement, Plaintiff asserts that Defendant Vogel and other non-defendant correctional officers assaulted him on May 10, 2016 and May 11, 2016, in retaliation for this lawsuit "and attempted murder on a peace officer dated 4-12-16." (Doc. 114.) Plaintiff briefly describes the attack and indicates that, during the beating, Defendant Vogel stated "File a restraining order on this nigger." (*Id.*) Plaintiff seeks to add these incidents and two additional correctional officers to this action, and requests that the "court review investigation orders/ reports done by Lt. K. Kicks"; and that he "be restricted from being housed at CSP-Cor SHU/prison in general." (*Id.*)[1]

The analysis for a TRO is similar to that for a preliminary injunction. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, such as a TRO, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct.

---

[1] In his motion for injunctive relief, Plaintiff requests a transfer from the Secured Housing Unit at California State Prison in Corcoran ("CSP-Cor SHU") to the SHU at CSP-Sacramento ("CSP-Sac SHU"). (Doc. 107.) In the response they were ordered to file, Defendants argued that the issues Plaintiff raised were moot as Plaintiff was then in a Mental Health Crisis Bed pending transfer to the Department of State Hospitals for more intensive care. (Doc. 122.) Plaintiff's response indicates, however, that while he was transferred to DSH, as of July 14, 2016, he was transferred back to CSP-Cor. (Doc. 124.) Defendants' additional arguments need not be addressed due to the dispositive nature of the jurisdictional bar.

1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Plaintiff is proceeding on claims in this action which amount to an actual case or controversy.

The pendency of this action does not give the Court jurisdiction over prison officials in general or over the conditions or location of Plaintiff's confinement. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims on which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

While Plaintiff names two Defendants as wrongdoers in his request for a TRO to achieve a transfer to another facility, none of the parties in this action hold a position with the authority to transfer Plaintiff to another facility, such as the Warden or the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion for a TRO to accomplish his transfer to another CDCR facility must be denied for lack of jurisdiction over the prison officials with the authority to effectuate such a transfer. Any restriction on the areas where Defendants Lockhart and Vogel work at CSP-Cor must similarly be denied for lack of jurisdiction over their superiors who direct their work assignments.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the

least intrusive means necessary to correct the violation of the Federal Right."

"An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation; . . ." *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994) (citations and quotations omitted).  Plaintiff "must [also] come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time [in question], knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Id.*, at 845-46.  At this stage, however, the Court is not in a position to determine the merits of a claim which requires submission of evidence as opposed to the determination only whether a claim has been stated.  *Barrett v. Belleque*, 544 F.3d 1060 (9th Cir. 2008).  Yet, even liberally construed, Plaintiff's accusations against Defendants Lockhart and Vogel and the other non-defendant prison staff named in his motion are too generic and conclusory to amount to a cognizable claim for excessive force.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action.  The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum.  The seriousness of Plaintiff's accusations concerning his physical safety in this circumstance, however, cannot and does not overcome a *jurisdictional* bar.  *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")[2]

---

[2] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a injunctive relief or a TRO.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008).  It is unnecessary, however, to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief.  *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

4

In light of the seriousness of Plaintiff's allegations in his motion, a copy of this findings and recommendation will be sent to the Wardens and Litigation Coordinators at CSP-Cor and CSP-Sac, as well as the CDCR Secretary to inform them of Plaintiff's significant concerns and to facilitate his transfer from CSP-Cor if at all possible.

### 2. Motion for Preliminary Injunction

In his second motion, Plaintiff asserts he is being denied adequate mental health care by "officers (C.O.s) at CSP-Cor SHU." (Doc. 107.) Plaintiff also asserts that various unidentified officers are endangering his safety by spreading rumors that he is a rapist and instigating other inmates' assault him. (*Id.*) Plaintiff requests a transfer from CSP-Cor SHU to CSP-Sac SHU, placement in "a M.H.C. Unit off of 4B-SHU" to facilitate his access to adequate care, a "no contact order on" seven non-defendant prison personnel, and a psychological evaluation from three non-defendant Licensed Social Workers (Douglas, Huerrera, or Nyguen) or from three non-defendant physicians (Dr. J.L. Soares, Dr. Kevin Knight, or Dr. John Kotler).

As discussed above, the Court lacks jurisdiction to rule on this motion since Plaintiff is not proceeding on claims against anyone with authority to direct Plaintiff's receipt of medical care and evaluations. *Zepeda*, 753 F.2d at 727. Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action, but the seriousness of his accusations concerning his physical safety and access to medical and mental health care cannot overcome the jurisdictional bar. *Steel Co.*, 523 U.S. at 103-04. This action is simply not the proper vehicle for obtaining the relief Plaintiff seeks in his request for preliminary injunctive relief.[3] In light of the seriousness of Plaintiff's allegations in his motion, however, a copy of this findings and recommendation will be sent to the Federal Receiver in addition to the persons previously listed.

### B. Plaintiff Should Not be Allowed to Supplement the Complaint

This action for damages is proceeding on Plaintiff's amended complaint on claims of

---

[3] Plaintiff's motion for preliminary injunctive relief similarly fails to make the requisite showing, supported by admissible evidence, for obtaining a preliminary injunction. *Winter*, 555 U.S. at 20-2. It is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to Plaintiff's requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

5

retaliation in violation of the First Amendment, excessive force in violation of the Eighth Amendment, and violation of the Equal Protection Clause of the Fourteenth Amendment.  In the supplement to Plaintiff's motion for a TRO, Plaintiff seeks leave to supplement the pleading in this action to add two instances of excessive force which allegedly occurred earlier this year against Defendant Vogel and non-defendants P. Holguin, and R. Pinzon.  (*See* Doc. 114.)

Pursuant to Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added. *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).  Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

Plaintiff provides no support for his request to supplement the pleading in this action other than his assertion that the incidents of excessive force to which he was recently subjected were in "reprisal" for his filing of this lawsuit and his "attempted murder on a peace officer dated 4-12-16.) (Doc. 114.)  Being subjected to retaliation for the protected activity of filing this case does not amount to showing a relationship between the claims on which Plaintiff is proceeding and the new allegations he seeks to add.  As indicated above, Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated.  However, his new allegations regarding separate events amount to a distinct and new cause of action which need not be joined with his claims in this action. *Planned Parenthood of Southern Arizona*, 130 F.3d at 402

This action has been pending for more than three years and the incidents giving rise to Plaintiff's claims occurred approximately six years ago.  Allowing Plaintiff to add new, separate, and distinct claims at this juncture would not serve the interests of judicial economy and convenience, nor are the proposed claims sufficiently related to Plaintiff's current claims to support granting leave to supplement. *Planned Parenthood*, 130 F.3d at 402; *Keith*, 858 F.2d at

474.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motions for preliminary injunctive relief and for TRO as well as the supplement thereto, filed December 28, 2015, April 21, 2016, and May 16, 2016, (Docs. 81, 107, 114), be denied for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that the Clerk's Office SHALL forward a copy of this order and Plaintiff's motions (Docs. 81, 107, 114) via email to the Secretary of the California Department of Corrections and Rehabilitation,[4] the Federal Receiver,[5] and the Wardens and Litigation Coordinators at the California State Prison, Corcoran, and California State Prison, Sacramento, so they might review the situation to facilitate Plaintiff's access to medically necessary medical and mental health care in addition to considering whether Plaintiff's transfer to California State Prison, Sacramento might be accomplished.

IT IS SO ORDERED.

Dated:   **September 1, 2016**            /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE

---

[4] Scott Kernan is the current CDCR Secretary.
[5] J. Clark Kelso was appointed as the Federal Receiver because of deficient medical care and treatment of inmates in *Plata v. Schwarzenegger, et al.*, C01–1351–TEH (N.D.Cal. Jan. 23, 2008).