UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL A. PUCKETT,<br><br>               Plaintiff,<br><br>      v.<br><br>VOGEL, et al.,<br><br>               Defendants. | CASE NO. 1:13-cv-00525-AWI-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

**I. Introduction**

Plaintiff, Durrell Puckett, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), has filed this Section 1983 action alleging excessive force, a violation of equal protection, and retaliation for filing of inmate grievances against Defendants Lockhart, Sisneroz, Abadia, Callow, Campos-Calvillo, Sanchez, Vogel, Bohlander, Dean, and Johnson. This action commenced on January 31, 2014. Defendants move for judgment on the pleadings, contending that res judicata bars his suit. In 2012, Plaintiff filed an action in the Superior Court of the State of California, County of Kings, alleging the same operative facts at issue in the present action. The state court dismissed Plaintiff's claims as barred under *Yount v. City of Sacramento*, 43 Cal.4th 855 (2008)—the California equivalent of *Heck v. Humphrey*, 512

U.S. 477 (1994)—precluding the litigation of civil actions seeking relief that is necessarily inconsistent with the validity of a criminal conviction or sentence.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir.2003). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Management*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir.2012)). Judgment on the pleadings is appropriately granted in favor of a defendant when, even if all of the allegations in the pleadings are true, the defendant is entitled to judgment as a matter of law. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). Similarly, judgment on the pleadings is appropriately granted in favor of a plaintiff when, assuming the truth of the pleadings, the plaintiff is entitled to judgment as a matter of law. If there is a material dispute in the parties' pleadings, a motion for judgment on the pleadings cannot be granted.

## III. Discussion

A federal court gives the same preclusive effect to a state judgment as the rendering state court would. 28 U.S.C. § 1738; *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). As such, California claim preclusion rules govern whether, in light of the dismissal of Plaintiff's state court action, he may maintain the § 1983 claims now pending before this court.

California claim preclusion requires: "(1) the same cause of action (2) between the same parties [or parties in privity with them] (3) after a final judgment on the merits in the first suit." *Furnace v. Giurbino*, --- F.3d ----, 2016 WL 5439760, *3 (9th Cir. Sept. 29, 2016) (quoting *DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 824 (2015)).

///

///

A. Same Cause of Action

"California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to single cause of action." *Slater v. Blackwood*, 15 Cal.3d 791, 795 (1975). "'[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'" *Gonzales*, 739 F.3d at 1233 (quoting *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170 (Cal. Ct. App. 1983)); *accord McLain v. Apodaca*, 793 F.2d 1031, 1033–34 (9th Cir.1986). Stated differently, "A claim is the 'same claim' if it is derived from the same 'primary right,' which is 'the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based.'" *MHC Financing Ltd. Partnership v. City of San Rafael*, 714 F.3d 1118, 1125–26 (9th Cir. 2013) (citation omitted).

Plaintiff's state tort claims alleged that on October 19, 2011, "R. Vogel, Johnson, Dean, Sanchez, and Bohander assaulted [him]" by repeatedly hitting and kicking him and repeatedly spraying him with pepper spray while he was handcuffed. Doc. 98-1 at 6-7.[1] Those defendants later denied Plaintiff a decontamination shower. *Id.* at 6. Vogel and Johnson were alleged to have "shout[ed] racial epithets" at Plaintiff and to have "mad[e] threats towards [Plaintiff's] life" during the assault. *Id.* at 11. Plaintiff alleges that "Lt. J. Callow observed" the assault and did nothing to stop it. *Id.* at 6. The evidence in support of Plaintiff's claim tends to indicate that the correctional officers came into contact with Plaintiff because they believed that Plaintiff had a weapon in his cell. *Id.* at 8.

---

[1] Defendants ask the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of a number of documents, all constituting court records. Plaintiff has not opposed the request. In a preclusion context, a federal court may "[t]ake judicial notice of a state court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for res judicata purposes." *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir.2005); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir.2002) (taking judicial notice of a California Court of Appeal opinion "and the briefs filed in that proceeding and in the trial proceeding and in the trial court" for the purposes of ruling on issue preclusion).
    The Court finds that the materials accompanying Defendants' request for judicial notice are encompassed by the rule articulated in *Manufactured Homes Communities, Inc*. All of the exhibits covered by Defendants' Request for Judicial Notice are Court documents. As such, the accuracy of their contents cannot be reasonably questioned and Plaintiff does not question their authenticity. See United States v. Ritchie, 342 F.3d 903, 909 (9th Cir.2003). Accordingly, the Court will take judicial notice of the state court records that resulted in the dismissal of Plaintiff's state tort claims.

Plaintiff's present complaint alleges that on October 19, 2011, Sanchez, Vogel, and Johnson assaulted plaintiff because he is black. Doc. 9 at 4. Specifically, Vogel sprayed Plaintiff with pepper spray through the food slot in his cell. *Id*. Plaintiff was left in his cell for approximately 25 minutes after he was sprayed. *Id*. Plaintiff was then removed from his cell so that correctional officers could conduct a search of his cell. *Id.* Plaintiff was placed in "leg irons," handcuffs," and "triangle restraints." During the search of Plaintiff's cell Vogel claimed to have found a weapon in Plaintiffs cell. Bolander, Dean, Vogel, Johnson, and Sanchez then started punching and kicking Plaintiff. *Id.* While doing so, those defendants used racial epithets and threatened to assault Plaintiff every day if he filed a staff misconduct complaint against them. *Id*. During the exchange Sanchez spit in Plaintiff's face and Vogel sprayed Plaintiff in the face with pepper spray. After about 50 minutes plaintiff was permitted to use the shower to decontaminate from the use of the pepper spray. Defendants Callow, Zamora, Campos, Abadia, Sisneros, and Lockhart all watched the attack but did not intervene.

The facts underlying Plaintiff's state claims and his federal claims are the same. Both involve the same injuries to Plaintiff by the same Defendants. The same claim is at issue in both cases.

B. Identity or Privity

Claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *DKN Holdings LLC*, 61 Cal.4th at 824. Privity exists if "there is substantial identity between the parties, that is, when there is sufficient commonality of interest." As briefly noted above, with one exception, the Plaintiff named the same parties in the State and Federal actions. Plaintiff did not name Defendant Sisneroz in the first action. Although Sisneroz was not identified by name in the first action, he is in privity with the other defendants because he allegedly stood in the same shoes as the other bystander Defendants in the watching the abuse to Plaintiff and failing to intervene. *See Hutchison v. California Prison Industry Authority*¸ 2015 WL 179790, *3-4 (N.D. Cal. Jan. 14, 2015); *Diaz v. Diaz*, 2012 WL 5949094, *5 (E.D. Cal. Nov. 28, 2012) (holding that the prison employee defendants were in privity where they all acted to cause the plaintiff's injuries).

4

C. Final Judgment on the Merits

"A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 77 (2000) (citation and internal quotation marks omitted). An order sustaining a demurrer without leave to amend is on the merits and has a res judicata effect unless the "pleading defects are 'technical or formal' and can be corrected by a new pleading...." *Perez v. Roe 1*, 146 Cal.App.4th 171, 184 (Cal. Ct. App. 2006). A dismissal based on a *Yount* bar to suit is not a technical or formal defect in pleading, it would require reversal of the underlying conviction to permit Plaintiff to file suit. *See Washington v. Los Angeles County Sheriff's Department,* 833 F.3d 1048 (9th Cir. 2016). The Kings County Superior Court granted the Defendants' motion to dismiss without leave to amend, finding that Plaintiff could not state a claim because any such claim was barred by *Yount v. City of Sacramento*, 43 Cal.4th at 896. Plaintiff has not alleged that his conviction has been overturned. The state court's dismissal has a res judicata effect.

**IV. Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for judgment on the pleadings is GRANTED.

IT IS SO ORDERED.

Dated:   October 25, 2016                                   _____
                                                            SENIOR DISTRICT JUDGE

5